17MAG8179

Approved: _____
Sarah R. Krissoff
Assistant United States Attorney

Before: THE HONORABLE BARBARA MOSES
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :   SEALED COMPLAINT

                                    Violations of
        - v. -                  :   18 U.S.C. § 922(g)(1), 21
                                    U.S.C. §§ 812, 841(a)(1),
CLEAMENT FRANCE,                :   and 841(b)(1)(C).

                Defendant.      :   COUNTY OF OFFENSE:
                                    BRONX
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

CARLOS MARCHENA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

1. On or about October 19, 2017, in the Southern District of New York, CLEAMENT FRANCE, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce ammunition, to wit, Remington .22 caliber ammunition, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

COUNT TWO

2. On or about October 19, 2017, in the Southern District of New York, CLEAMENT FRANCE, the defendant, intentionally and knowingly did possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine base.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I am a Detective assigned to the Bronx Violent Crimes Squad of the NYPD. I was a police officer with the NYPD since 2002, and have been a Detective with the NYPD since 2011. During this time, I have conducted numerous investigations into narcotics offenses, firearms offenses, and crimes of violence, including drug-related shootings, and am familiar with the ways in which such crimes are committed. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. In the course of this investigation I have spoken with a NYPD officer ("Officer-1") who participated in the arrest of CLEAMENT FRANCE, the defendant, on or about October 19, 2017, and have reviewed NYPD documents regarding the arrest. From speaking with Officer-1, and reviewing NYPD documents, I have learned, in sum and substance, among other things, the following:

   a. At approximately 6:06 a.m. on October 19, 2017, Officer-1, and other officers with the NYPD, executed a search warrant, issued by a judge of the Bronx County Criminal Court (the "Search Warrant"), at FRANCE's residence in the Bronx, New York (the "Residence").

   b. During the execution of the Search Warrant, among other items, Officer-1 observed, underneath FRANCE's mattress, a black air pistol, with the orange tip of the pistol removed. Officer-1 also observed, behind FRANCE's mattress, inside of a pill container, seven Remington .22 caliber rounds of ammunition. These items, as well as an apparent marijuana cigarette and mail confirming FRANCE's address as the address of the Residence were recovered by the NYPD during the course of the execution of the Search Warrant.

     c. FRANCE was arrested, and placed in a police vehicle. While FRANCE was in the vehicle, another NYPD officer ("Officer-2") found approximately 19 small ziplock bags of apparent crack cocaine, and a ziplock bag with approximately six tablets, in FRANCE's underwear. In addition, during the course of the arrest, while Officer-2 was attempted to restain FRANCE, FRANCE bit Officer-2.

    5. I have reviewed the video of a post-arrest interview of CLEAMENT FRANCE, the defendant. In the video, among other things, after being advised of his Miranda rights, FRANCE admits to the possession of both the ammunition and the approximately 19 small ziplock bags of apparent crack cocaine. In substance and in part, FRANCE stated that he had the ammunition because he was trying to purchase a gun.

    6. Based on my discussions with Officer-1, and my review of the NYPD paperwork, I have learned that the ammunition recovered from the Residence of CLEAMENT FRANCE, the defendant, is Remington .22 caliber ammunition.

    7. Based on my communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, I know that Remington .22 caliber ammunition is not and has never been manufactured in New York State.

    8. I have reviewed records from the NYPD Laboratory, which tested the approximately 19 small ziplock bags of apparent crack cocaine and the ziplock bag with approximately six tablets recovered from the person of CLEAMENT FRANCE, the defendant, and the apparent marijuana cigarette recovered from the Residence. The Laboratory determined that the approximately 19 small ziplock bags tested positive for cocaine, that one of the tablets tested positive for oxycodone, and that the apparent marijuana cigarette tested positive for marijuana. I further know, from my conversations with Officer-1, that the substance inside of the approximately 19 small ziplock bags appeared to Officer-1, based on Officer-1's training, experience, and observations, to be crack cocaine.

    9. From my training and experience, I know that crack cocaine is often packaged into multiple, small ziplock bags when intended for sale.

    10. I have reviewed criminal history records pertaining to CLEAMENT FRANCE, the defendant, which show that: (1) on or about October 24, 2014, in Bronx County Supreme Court,

3

FRANCE was convicted of Assault in the Second Degree, in violation of New York Penal Law 120.05, a Class D felony which is punishable by imprisonment for more than one year; and (2) on or about October 24, 2014, in Bronx County Supreme Court, FRANCE was convicted of Criminal Sale of a Controlled Substance, in violation of New York Penal Law 220.44, a Class B felony, which is punishable by imprisonment for more than one year.

WHEREFORE, the deponent respectfully requests that a CLEAMENT FRANCE, the defendant, be arrested and imprisoned or bailed, as the case may be.

Detective Carlos Marchena
New York City Police Department

Sworn to before me this
1st day of November, 2017

THE HONORABLE BARBARA MOSES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK