UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 17-cr-724 (JSR) |
| CLEAMENT FRANCE, | |
| Defendant. | ORDER |

JED S. RAKOFF, U.S.D.J.

On January 17, 2018, defendant Cleament France pled guilty to possessing ammunition which had previously been shipped and transported in interstate and foreign commerce, in violation of Title 18, U.S.C. § 922(g)(a). This conviction stemmed from a police search of France's residence on or about October 19, 2017, which recovered a black air pistol and seven rounds of ammunition, as well as a marijuana cigarette. On April 19, 2018, the Court sentenced France to a below guidelines sentence of 48 months' imprisonment and 3 years' supervised release. He has served about three years in prison and his projected release date is March 19, 2021. France, who is currently housed at FCI Schuylkill, now moves for compassionate release pursuant to 18 U.S.C. § 3582.

Prior to the enactment of the FIRST STEP Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prison ("BOP") could file a motion for compassionate release to

courts. The FIRST STEP Act amended this provision to permit an inmate to file a motion for compassionate release following the exhaustion of his or her administrative remedies with the Bureau of Prisons ("BOP") or 30 days after submitting a request to the appropriate Warden. See 18 U.S.C. § 3582(c)(1)(A). France first submitted an administrative request for compassionate release or home confinement on April 22, 2020, and the Warden of FCI Schuylkill denied the request on April 27, 2020. See Gov't Mem. of Law in Opp. to Deft. Mot. for Compassionate Release ("Gov't Opp."), Exh. A, ECF No. 22. Accordingly, and although the exhaustion requirement is waivable in these circumstances, see United States v. Haney, No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020), France has exhausted his administrative remedies.

Upon receipt of a properly filed § 3582(c)(1)(A) motion a court may reduce the petitioner's sentence if, after consideration of the 18 U.S.C. § 3553(a) factors, it finds that "extraordinary and compelling reasons" warrant such a reduction. Both the Government and the defense agree that France has established "extraordinary and compelling" reasons for his release because of his asthma. The Court thus focuses on whether the 3553(a) factors support early release to home confinement. For the following reasons, the Court finds that the 3553(a) factors weigh against compassionate release.

Defense counsel primarily argues that the COVID-19 pandemic requires this Court to revisit its analysis at sentencing, in particular with respect to §§ 3553(a)(1) (France's "history and characteristics") and 3553(a)(2)(D) (the "need to provide" France with "needed . . . medical care" "in the most effective manner"). The Court is unpersuaded. Although France suffers from some medical conditions that put him at heightened risk for COVID-19, including obesity, asthma, and pre-diabetes, France's medical records indicate that he is otherwise in fairly good health and is receiving treatment for his conditions. See Gov't Opp., Exh. A at 5-9; Exh. B. Moreover, France, at 29 years old, is not in the age category at highest risk for serious illness from COVID-19. Perhaps most importantly, there have been no reported cases of coronavirus or coronavirus-related deaths at FCI Schuykill to date.[1] Thus, there is no indication that France is at greater risk of contracting COVID-19 at FCI Schuykill at present than he would be at his mother's home in the Bronx, where he would go if released. Thus, neither France's history and characteristics nor the need to provide France with needed medical care ultimately support release in this case.

Defense counsel also argues that because France has served a substantial portion of his sentence, the time he has served in

---

[1] See https://www.bop.gov/coronavirus/.

prison has already achieved much of the original sentence's purpose. The Court disagrees. A further reduction in France's sentence, which was already below the applicable Guidelines range, would not reflect the seriousness of his crimes, provide just punishment, promote respect for the law, and afford specific and general deterrence. Against the background of gun violence in this country, defendant's conduct was very serious, and occurred shortly after his release from prison for another offense involving a firearm.

    Accordingly, the motion for compassionate release is denied.

    SO ORDERED.

Dated:   New York, NY

          June 19, 2020          _____
                                                   United States District Judge